1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    JOSEPH B. GARCIA,                         Case No.  2:25-cv-2731-JDP (P)

12              Plaintiff,

13         v.                                   ORDER

14    D. VANG, *et al.*,

15              Defendants.

16

17        Plaintiff, a state prisoner, brings this action against defendants D. Vang, L. Becerra, and

18    an unnamed sergeant.  After review of the complaint, I find that, for screening purposes, plaintiff

19    has stated a cognizable Eighth Amendment failure-to-protect claim against defendant Becerra.

20    His other claims are non-cognizable as articulated.  Plaintiff shall indicate whether he desires to

21    proceed only with his Eighth Amendment claim against Becerra, or delay serving any defendant

22    and file amended complaint.  I will grant plaintiff's application to proceed *in forma pauperis*.

23    ECF No. 2.

24        **I.    Screening Standards**

25        A federal court must screen a prisoner's complaint that seeks relief against a governmental

26    entity, officer, or employee.  *See* 28 U.S.C. § 1915A(a).  The court must identify any cognizable

27    claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a

28

1  claim upon which relief may be granted, or seeks monetary relief from a defendant who is

2  immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2).

3      A complaint must contain a short and plain statement that plaintiff is entitled to relief,

4  Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its

5  face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not

6  require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S.

7  662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere

8  possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not

9  identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,

10  1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that

11  give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264

12  n.2 (9th Cir. 2006) (en banc) (citations omitted).

13      The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404

14  U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it

15  appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

16  would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).

17  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements

18  of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,

19  1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

20      **II.      Analysis**

21      Plaintiff alleges that, on August 28, 2025, at the California Health Care Facility

22  ("CHCF"), his cellmate beat him severely.  ECF No. 1 at 3.  He claims that, during the attack,

23  defendant Becerra was away from his station preparing food and did not respond to his cries for

24  help for at least four minutes.  *Id.*  This claim against Becerra is, for screening purposes, sufficient

25  to state a cognizable Eighth Amendment failure to protect claim.  Plaintiff's claims against D.

26  Vang, the facility warden, and an unnamed sergeant who was Becerra's superior, are

27  insufficiently pled, however.  He alleges only that these supervisory defendants had responsibility

28  for safety and security at CHCF.  *Id.*  There is no *respondeat superior* liability under section

1  1983, and a supervisor is responsible for only his or her own action or inaction.  Here, plaintiff

2  has not specifically alleged what action or inaction these defendants were responsible for, and

3  how it led to the harm that befell him.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009).

4        Plaintiff may either proceed only with his claim against Becerra, or he may delay serving

5  any defendant and file an amended complaint.  He is advised that the amended complaint must be

6  titled "First Amended Complaint," be complete in itself, and will supersede the current complaint.

7        Accordingly, it is ORDERED that:

8        1.     Within thirty days, plaintiff may confirm his intent to proceed only with the Eighth

9  Amendment claim against defendant Becerra or, within that same time, file an amended

10  complaint with the understanding that doing so will delay service of any defendant.

11        2.     The Clerk of Court shall send plaintiff a section 1983 complaint form with this

12  order.

13        3.     Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

14

15  IT IS SO ORDERED.

16

    Dated:    October 22, 2025                                                 

17                                                    JEREMY D. PETERSON

18                                                    UNITED STATES MAGISTRATE JUDGE

19

20

21

22

23

24

25

26

27

28