UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSEPH B. GARCIA,

        Plaintiff,

        v.

D. VANG, *et al.*,

        Defendants.

Case No.  2:25-cv-2731-JDP (P)

ORDER

Plaintiff, a state prisoner, brings this action against defendants D. Vang, L. Becerra, E. Zamora, and Magayanes.  After review of the amended complaint, I find that, for screening purposes, plaintiff has stated a cognizable Eighth Amendment failure to protect claim against defendants Becerra and Magayanes.  His other claims are non-cognizable as articulated.  Plaintiff shall indicate whether he desires to proceed only with his Eighth Amendment claims against these defendants, or delay serving any defendant and file another amended complaint.

I.     Screening Standards

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee.  *See* 28 U.S.C. § 1915A(a).  The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a

1

claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

II.    Analysis

Plaintiff alleges that he was assaulted by another inmate on August 28, 2025, at the California Health Care Facility ("CHCF"). ECF No. 9 at 3. He claims that during the attack defendant Becerra was away from his station. *Id.* This claim against Becerra is, for screening purposes, sufficient to state a cognizable Eighth Amendment failure-to-protect claim. Plaintiff also claims that two days before the attack defendant Magayanes moved him into the dorm where he was assaulted, despite knowing the danger he would be in. *Id.* For screening purposes, this claim is sufficient to state an Eighth Amendment claim against this defendant.

By contrast, plaintiff's claims against D. Vang, the facility warden, and sergeant Zamora,

2

an officer supervisor, are insufficient. He alleges only that these supervisory defendants had responsibility for training and oversight of their subordinates. *Id.* There is, as I noted in my prior screening order, no *respondeat superior* liability under section 1983, and a supervisor is responsible for only his own action and inaction. Here, plaintiff has not specifically alleged what action or inaction, that these defendants are responsible for, led to the harm that befell him. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009).

Plaintiff may either proceed only with his claims against Becerra or Magayanes, or he may delay serving any defendant and file an amended complaint. He is advised that the amended complaint must be titled "Second Amended Complaint," be complete in itself, and will supersede the current complaint.

Accordingly, it is ORDERED that:

1.     Within thirty days, plaintiff may confirm his intent to proceed only with the Eighth Amendment claim against defendants Becerra and Magayanes or, within that same time, file another amended complaint with the understanding that doing so will delay service of any defendant.

2.     The Clerk of Court shall send plaintiff a section 1983 complaint form with this order.

IT IS SO ORDERED.

Dated:    February 13, 2026                          _____

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE